**Robert E. LEONARD, III,**

v.

**UNITED STATES of America.**

Misc. No. 771.

United States District Court
E. D. Louisiana,
Baton Rouge Division.
Nov. 5, 1964.

Robert E. Leonard, III, in pro. per.

Louis C. LaCour, U. S. Atty., Eastern Dist. of Louisiana, L. Howard McCurdy, Jr., Gene S. Palmisano, Asst. U. S. Attys., Eastern Dist. of Louisiana, for the United States.

WEST, District Judge.

This is a motion, filed by petitioner, Robert Ethan Leonard, III, in proper person, pursuant to Title 28 U.S.C.A. § 2255, seeking to vacate the sentence imposed upon him by this Court on June 5, 1964. Petitioner was charged, on April 10, 1963, with violation of Title 18 U.S.C.A. § 2113(a) and (d) (bank robbery). At the time this charge was filed, petitioner had already been apprehended by State authorities and charged with bank robbery under State law, and was in State custody. Petitioner retained the services of Sam J. D'Amico, Esq., one of the leading criminal lawyers in the State of Louisiana to represent him in these matters. This Court then issued a writ of habeas corpus ad prosequendum, directed to the Sheriff of East Baton Rouge Parish, ordering him to surrender the body of the said Robert Ethan Leonard, III, to the United States Marshal for the Eastern District of Louisiana, so that he might appear before this Court on May 17, 1963, for arraignment, and thereafter, to be returned to the custody of the Sheriff of East Baton Rouge Parish. On May 17, 1963, Mr. D'Amico, being ill, and confined to the hospital, requested a continuance "for an indefinite time." The matter was then continued without date. But on May 29, 1963, another writ of habeas corpus ad prosequendum issued out of this Court, pursuant to which petitioner was presented before the Court for arraignment on June 7, 1963, at which time he was accompanied by his attorney, Mr. D'Amico. Upon advice of counsel, petitioner waived indictment, consented to proceed by information, and pleaded not guilty to the offense charged. At the request of his counsel, the Court granted the defendant thirty days within which to file motions or other pleadings. Thereafter, upon motion of counsel for petitioner, this thirty-day period was extended for an additional thirty days. On August 2, 1963, petitioner's attorney filed a motion alleging, upon information and belief, that the petitioner was suffering from "some mental derangement," and requested that he be confined to a mental hospital for observation and examination into his mental condition before trial. Pursuant to this motion, this Court, on October 18, 1963, ordered petitioner examined by a qualified psychiatrist, appointed by the Court, pursuant to the provisions of Title 18 U.S.C.A. § 4244. The report of the court-appointed psychiatrist, Dr. George W. Burke, was received, and a hearing to determine petitioner's mental competency was set for December 20, 1963. Defense counsel requested a continuance, and the hearing was re-assigned for January 3, 1964. After a hearing on January 3, 1964, at which time both petitioner and his attorney were present, the Court ruled that the petitioner was capable of standing trial and that he was capable of assisting his counsel in his defense, and ordered that the case be set for trial on a date mutually agreeable to both counsel. A pre-trial conference was then held on March 5, 1964, and the case was set for trial on May 5, 1964. On May 1, 1964, at the request of counsel for petitioner, petitioner was brought before the Court for re-arraignment, at which time he asked permission of the

Court to withdraw his plea of not guilty, and to enter instead a plea of guilty. Before accepting petitioner's plea of guilty, the following questions were asked and answers returned:

"BY THE COURT:

"Q And do you know what you are doing?

"A Yes, sir.

"Q You are withdrawing your plea of not guilty and you are entering a plea of guilty, is that correct?

"A Yes, sir.

"Q Do you know what the crime charged is?

"A Yes, sir.

"Q This is armed robbery of a bank, do you understand that?

"A Yes, sir.

"Q And you are doing this on the advice of your counsel, Mr. D'Amico? You have advised with him on this matter?

"A Yes, sir.

"Q And you are satisfied with the advice that you have received and you thoroughly understand these proceedings?

"A Yes, sir.

"THE COURT: All right. The Court will allow the defendant to withdraw his plea of not guilty and enter a plea of guilty.

"BY MR. PALMISANO:

"Q You also realize that this particular section that you are charged with carries a maximum penalty of ten thousand dollars fine or twenty-five years in jail, or both?

"A Yes, sir.

"MR. PALMISANO:

"Would your Honor like to hear the evidence?

"THE COURT:

"Yes."

At the close of this hearing, a pre-sentence investigation was ordered, and the petitioner remanded to the custody of the State authorities. On June 5, 1964, after having received the report of the pre-sentence investigation, petitioner again appeared in Court, accompanied by his counsel, and was sentenced by the Court to fifteen years for treatment and supervision pursuant to Title 18 U.S.C.A. § 5010(c), or until discharged by the Board of Parole, Federal Youth Correctional Division, as provided for in Title 18 U.S.C.A. § 5017(d). Following this sentencing, petitioner was released by the State authorities to the custody of the Federal authorities, and he began serving his sentence at the Federal Reformatory at El Reno, Oklahoma, where he is presently incarcerated.

■ Petitioner now contends, in his Section 2255 motion, that he was not properly represented by counsel, and that he was not brought before the United States Commissioner for a bond setting, and that hence, his constitutional rights were violated. There is obviously no substance to these claims. Petitioner was actually in State custody and not in Federal custody until the time of his sentencing in this Court, and, as has been previously stated, he was represented during all of these proceedings by extremely competent counsel. The record clearly shows that he was not only competently and adequately represented, but that he was completely satisfied with the representation which he had. Actually, in his motion, petitioner merely prays that the Court consider his motion and "consider a reduced time in sentence." However, the Court has also treated the motion as a request for the setting aside and vacating of the sentence, as well as for a reduction in sentence, and for the reasons herein contained, petitioner's motion must be denied. Order will be entered accordingly.